UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

| | |
|---|---|
| LOUIS A. PICANI, JOSEPH SANSONE, DOMINICK CASANELLI, JR., SAUL SINGER, ROSS PEPE and JEFFREY ISAACS as Trustees and fiduciaries of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, Industry Advancement and Legal Services Funds, and the WESTCHESTER TEAMSTERS LOCAL UNION NO. 456, | Case No.: 16-CV-7259<br><br>**COMPLAINT** |

Plaintiffs,

-against-

SHAWN'S LAWNS INC.,

Defendant.

-------------------------------------------------------------------------x

Plaintiffs, LOUIS A. PICANI, JOSEPH SANSONE, DOMINICK CASANELLI, JR., SAUL SINGER, ROSS PEPE and JEFFREY ISAACS as Trustees and fiduciaries of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, Industry Advancement and Legal Services Funds (collectively, the "Funds"), and the Westchester Teamsters Local Union No. 456, for their Complaint allege as follows:

### INTRODUCTION

1. This is an action by the Trustees and fiduciaries of employee benefit plans (the "Funds") for injunctive and monetary relief under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(a)(3) and 1145, to collect delinquent contributions and various other sums owed by Defendant SHAWN'S LAWNS INC. ("SHAWN'S LAWNS" or "Defendant" or the "Employer") to employee benefit plans.

2. The Westchester Teamsters Local Union No. 456 (the "Union" or "Local 456") seeks to collect from Defendant SHAWN'S LAWNS unpaid union dues and various other sums

owed from the period May 2016 through the present, and other sums which may become due and owing during the pendency of this lawsuit pursuant to Section 301 of the LMRA, 29 U.S.C. §185(a).

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§1132(a)(3), 1132(e)(1), 1132(f) and 1145.

4. Venue lies in the Southern District of New York under 29 U.S.C. §1132(e)(2), as the Funds and Union are administered in this district.

## THE PARTIES

5. Plaintiff Funds are Trustees and fiduciaries of the Funds within the meaning of 29 U.S.C. §1002(21)(A), as they have discretion and control over the assets and administration of the Funds.

6. The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of 29 U.S.C. §1002(3) and §1002(37), with their principal place of business at 160 South Central Avenue, Elmsford, N.Y. 10523, in the County of Westchester.

7. The Funds are jointly administered by a Board of Trustees, comprised of an equal number of labor and management representatives in accordance with Section 302(c)(5) of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. §186(c)(5).

8. Local 456, International Brotherhood of Teamsters (hereinafter "Local 456" or the "Union") is a labor organization with offices at 160 South Central Avenue, Elmsford, N.Y. 10523, in the County of Westchester.

9. Pursuant to the terms of various collective bargaining agreements between Local 456 and various employers, the Employers, including Defendant, are required to contribute to the

Funds on behalf of workers covered by the collective bargaining agreements and pay Union dues.

10. The Funds are maintained pursuant to Restated Agreements and Declarations of Trust (the "Trust Agreements") for the purposes of collecting and receiving contributions from the Employers and providing benefits to eligible participants and their beneficiaries.

11. The collective bargaining agreements and the Trust Agreements are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Funds are third-party beneficiaries of the collective bargaining agreements.

12. Upon information and belief, Defendant SHAWN'S LAWNS is and at all times relevant to this action has been, an authorized foreign corporation, doing and transacting business within the State of New York.

13. Upon information and belief, Defendant SHAWN'S LAWNS is and at all times relevant to this action has been, a Connecticut corporation doing business within the State of New York with offices at 1200 High Ridge Road, Stamford, Connecticut 06905.

14. SHAWN'S LAWNS is, and at all times relevant to this action has been, engaged in the trucking business within, *inter alia*, the State of New York.

15. SHAWN'S LAWNS is, and at all times relevant to this action has been, an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Article I, Section 1 of the Trust Agreement.

## FACTUAL BASIS FOR CLAIMS

**A. The Collective Bargaining Agreements, the Trust Agreement, and the Obligation to Contribute to the Funds**

16. The Defendant has at all times relevant to this action been party to a collective bargaining agreement ("CBA") with the Union.

17. At all times relevant to this action, the CBA requires the Defendant to make contributions to the Funds and deduct for Local 456 dues on behalf of Defendant's employees covered by the CBA, at specified rates for each hour of covered employment as set forth in the CBA.

18. Along with the contributions, Defendant is also required to submit remittance reports to the Funds and dues to Local 456. The remittance reports provide the Defendant's statement of the employees who performed work covered by the CBA and the number of hours each such employee worked in covered employment.

19. The CBA provides that the Defendant is bound to the Funds' Trust Agreements.

20. The Trust Agreements provide that the Plaintiffs are authorized to formulate rules for the collection of delinquencies. Pursuant to that authority, the Plaintiffs authorized a written Policy for Collection of Delinquent Contributions (hereinafter the "Collection Policy").

21. Section 2 of the Collection Policy requires an employer to submit remittance forms to the Funds listing the hours of work for which a contribution is due under the CBA.

22. Section 6 of the Collection Policy provides if the employer fails to remit contributions by the date due, the employer is liable to the Funds for: (i) the delinquent contributions; (ii) interest at the rate of 10% per annum; (iii) liquidated damages of ten percent of the delinquent contributions; and (iv) the Funds' attorney's fees and costs.

B. **Amounts Due and Owing to the Funds**

    (i) **Unpaid Contributions**

23. The CBA and the Collection Policy requires SHAWN'S LAWNS to submit remittance reports and remit contributions on a monthly basis.

24. The Collection Policy, at Section 2, sets forth that the contributions due to the Funds become due on the date the collective bargaining agreement requires payment or, if the collective bargaining agreement does not provide a due date, the contributions are due "the first day of the month following the month in which the work was performed for which the contributions are owed." Either of these dates is referred to in the Collection Policy as the "Due Date." The Collection Policy states contributions received after the Due Date are delinquent and interest accrues on those delinquencies commencing the 15th day in the month containing the Due Date.

25. Defendant has failed to submit remittance reports due for the period May 2016 through the present.

26. By letters dated July 20, 2016 and August 10, 2016, the Funds and the Union through counsel made written demands to the Defendant to obtain the then missing remittance reports and contributions due, and informed Defendant that if the reports and contributions are not provided in ten days, litigation will be commenced to enforce this obligation to submit reports and contributions.

27. Defendant has failed to submit the required remittance forms and refused to submit contributions for the aforesaid period and is in breach of its collective bargaining agreement.

**(ii)** **Unpaid Union Dues**

28. The CBA sets forth that the Employer must contribute dues to the Union.

29. Defendant SHAWN'S LAWNS also owes Union Dues based upon its failure to submit dues for the period May 2016 to the present.

30.     To date, these amounts remaining unpaid and outstanding. To date, these amounts remaining unpaid and outstanding.

### (iii)    Late Paid Contributions

31.     Defendant paid contributions and union dues for the periods May 2016 late.

32.     Pursuant to the Trust Agreement and the Collection Policy the Defendant is liable for interest at the rate of 10% per annum on the late paid contributions; (iii) liquidated damages of ten percent of the delinquent contributions; and (iv) the Funds' attorney's fees and costs.

### (iv)    Other Amounts

33.     Upon information and belief, additional amounts will continue to become due and owing by the Employer to the Funds and the Union during the pendency of this action.

## AS AND FOR A FIRST CAUSE OF ACTION

34.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.     Section 515 of ERISA, 29 U.S.C. §1145, requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

36.     The Employer's failure to pay contributions, interest, liquidated damages, and attorney's fees and costs owing to the Funds violates the CBA and the Trust Agreement which is incorporated into the CBA, and thus gives rise to an action under ERISA Section 515.

37.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) mandates that in any action for or on behalf of an employee benefit plan to enforce a contribution obligation in which a judgment in favor of the plan is awarded, the court shall award the plan: (a) the unpaid

contributions; (b) interest on the unpaid contributions; (c) an amount equal to the greater of: (i) interest on the unpaid contributions or; (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the unpaid contributions; (d) reasonable attorneys' fees and costs of the action, to be paid by the defendant, and (e) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the ten percent rate provided under the plan and Collection Policy.

38. The Funds are thus entitled under ERISA Section 502(g) (2) to unpaid contributions, interest, liquidated damages, and attorney's fees and costs in an amount to be determined at trial, including all contributions which may become due and owing during the pendency of this action.

## AS AND FOR A SECOND CAUSE OF ACTION

39. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

41. By failing to pay the contributions and remit dues and other amounts owing, the Defendant has breached the CBA and the Trust Agreements, which is incorporated into the CBA.

42. The Funds and Local 456 are thus entitled under the LMRA Section 301(a), as well as the CBA and the Trust Agreement, to the unpaid contributions, Union Dues, interest, liquidated damages, and attorney's fees and costs in an amount to be determined at trial, including all contributions which may become due and owing during the pendency of this action..

## AS AND FOR A THIRD CAUSE OF ACTION

43. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. The Defendant, by virtue of its failure to pay amounts due under the Audit, and other amounts set forth above, is subject to an injunction ordering it to immediately pay all contributions due, interest on the delinquent contributions, dues to Local 456, liquidated damages, audit fees, attorneys' fees, and costs.

45. Defendant by failing to pay amounts due under the Audit as required by the CBA and the Trust Agreement, and failing to submit other amounts due and owing as set forth above has violated Section 515 of ERISA, 29 U.S.C. §1145, by failing to make contributions in accordance with the terms of the plan documents of the Funds, thereby giving rise to an action under 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), and is subject to the remedies under Section 502(g) of ERISA, 29 U.S.C. §1132(g), including injunctive relief.

46. The Plaintiffs are likely to succeed on the merits, the balance of equities favors the Plaintiffs, Plaintiffs do not have an adequate remedy at law, and public policy favors the Court issuing an injunction against the Defendant.

47. For the foregoing reasons, the Plaintiffs are entitled to an injunction requiring the Defendant to immediately pay contributions and dues for all hours for all employees performing work covered by the CBA, together with such other equitable and legal relief as the Court may deem just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the Court enter a judgment ordering the Defendant:

1. To pay to the Funds and the Union: (i) all delinquent contributions owed, including any delinquencies that accrued during the pendency of this action; (ii) interest on all delinquent contributions at the rate of ten percent per year; (iii) interest on late-paid contributions; (iv) an amount of liquidated damages equal to the greater of (a) interest on the delinquent and late-paid contributions or (b) 10 percent of the delinquent contributions; and (v) the Plaintiffs' attorneys' fees and costs.

2. Ordering and enjoining the Defendant to pay all contributions due and owing; and

3. Such other legal and equitable relief as the Court deems proper, including injunctive relief.

Dated: White Plains, New York
September 16, 2016

Yours, etc.,

TRIVELLA & FORTE, LLP

/s/ *Arthur J. Muller III*
_____
Arthur J. Muller III (AM 7789)
Jonathan Bardavid (JB 0072)
*Attorneys for the Plaintiffs*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
Tel. No.: (914) 949-9075

To: Shawn's Lawns Inc.
1200 High Ridge Road
Stamford, CT 06905